4

**United States Bankruptcy Court**
**Eastern District of California, Sacramento Division**

**IN RE:** Case No. **05-23732-B-13J**

F. Peter Macaluso Chapter 13

Debtor(s)

**FIRST MODIFIED CHAPTER 13 PLAN**
☐ **MOTION(S) TO VALUE COLLATERAL AND**
☐ **MOTION(S) TO AVOID LIENS**
[check if motion(s) included]

THIS PLAN AND ANY MOTIONS INCLUDED WITH IT MAY BE APPROVED BY THE COURT WITHOUT A HEARING UNLESS AN OBJECTION IS FILED, SERVED, AND SET FOR HEARING BY A CREDITOR OR THE TRUSTEE. ANY OBJECTION MUST BE FILED AND SERVED UPON DEBTOR, DEBTOR'S ATTORNEY, AND TRUSTEE NOT LATER THAN 14 DAYS AFTER THE CONCLUSION OF THE MEETING HELD PURSUANT TO 11 U.S.C. § 341(a). A HEARING ON ANY OBJECTION MUST BE SET BY THE OBJECTOR ON THE EARLIEST AVAILABLE COURT DATE CONSISTENT WITH GIVING NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 9014-1(f)(1). THE COURT'S SELF-SET HEARING RULES AND PROCEDURES ARE AVAILABLE ON THE COURT'S INTERNET SITE, WWW.CAEB.USCOURTS.GOV, AND AT ITS PUBLIC COUNTERS.

FILED
FILED
FEB 14 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

MSTS

**CHAPTER 13 PLAN**

Debtor proposes the following Chapter 13 Plan effective from the date of the petition:

**I. Plan Payments and Term**

In order to complete this plan, the future projected disposable income of Debtor shall be submitted to the supervision and control of the Chapter 13 Trustee on a monthly basis. Debtor shall pay to Trustee the sum of $ ______ each month which includes an amount equal to all monthly contract installments due to Class 1 secured claim holders, if any. This plan will continue for 60 months. Unless all allowed unsecured claims are paid in full, the plan shall not terminate earlier than the stated term or 36 months, whichever is longer. If necessary to complete this plan, the term shall be extended up to 6 months, but the plan may not exceed 60 months in length. [*If any of the foregoing is left blank, refer to the "Additional Provisions" below.*]

**II. Classification and Treatment of Claims and Expenses**

Claims and expenses owed by Debtor are classified and provided for below. A timely proof of claim must be filed by or on behalf of a creditor, including a secured creditor, before a claim may be paid pursuant to this plan. However, monthly contract installments falling due after the filing of the petition shall be paid to each holder of a Class 1 and Class 4 secured claim whether or not a proof of claim is filed or the plan is confirmed.

The proof of claim, not the plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim unless the granting of a valuation or a lien avoidance motion, or the sustaining of a claim objection, affects the amount or classification of the claim. Secured claims not listed within Classes 1, 2, 3, or 4, and priority claims not listed within Class 5 are not provided for by the plan.

**A. Administrative Expenses**

**1. Chapter 13 Trustee's fees** shall be allowed and paid as determined by statute. Trustee may receive up to 10% of payments made under this plan, whether made before or after confirmation, excluding direct payments on account of Class 4 claims.

**2. Administrative Expenses:** Unless otherwise ordered or the administrative claimant agrees to a different treatment, court approved administrative expenses, including Debtor's attorney's fees, shall be paid after Trustee's administrative fees and monthly contract installments due on Class 1 secured claims but before further payment of Class 1, 2, 5, 6, and 7 pre-petition claims. If there is more than one administrative expense, all such expenses shall be paid on a pro rata basis.

Debtor paid an attorney $ 0.00 prior to the filing of the petition.

☒ Debtor's attorney opts to have his or her remaining fees approved and paid in accordance with the Court's Guidelines for

Payment of Attorneys' Fees in Chapter 13 Cases. Debtor has agreed to pay the attorney an additional $ **0.00**.

☐ Debtor's attorney opts out of the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases and instead will disclose and seek approval of further fees in accordance with applicable authority including 11 U.S.C. §§ 329 and 330, Fed.R.Bankr.P. 2002, 2016, and 2017. The attorney estimates that additional fees and costs of $ ______________ will be incurred by Debtor in confirming this plan.

**B. Secured Claims**

**Class 1. Long-term secured claims that were delinquent when the petition was filed and that mature after the last payment under the plan,** including home loans and car loans. Creditors holding Class 1 claims will retain their liens. Pre-petition arrears, together with interest as specified below, will be cured by this plan. Trustee shall pay to Class 1 claim holders all monthly contract installment payments falling due after the filing of the petition. See section III(E). Class 1 claims are not modified by this plan.

| CLASS 1 CREDITOR'S NAME/COLLATERAL DESCRIPTION | REGULAR PAYMENT | MONTHLY LATE CHARGE | PRE-PETITION ARREARS | INTEREST RATE |
|---|---|---|---|---|
| 1. None | | | | |

*In the column "Regular Payment" indicate the amount of the monthly contract installment including any impounds. However, whatever Debtor lists as the regular payment, the amount due is the amount required by the contract. In the column "Late Charge" indicate the amount charged for late payment of a monthly contract installment. In the column "Pre-Petition Arrears" include the accrued but unpaid interest and principal through the date of bankruptcy as well as other accrued and unpaid charges such as attorneys' fees and foreclosure costs. In the column "Interest Rate" specify the rate at which pre-petition arrears will accrue interest. If no interest rate is specified, 10% per annum will be imputed.*

**Class 2. Secured claims that are modified by this plan or that will not extend beyond its length.** This class includes any secured claim that has matured or will mature prior to the completion of the plan. It also includes any secured claim, regardless of its original maturity date, that is modified by this plan. Each secured claim will continue to be secured by its existing lien and will be paid its full amount or the market value of its collateral, whichever is less if permitted by § 1322(b)(2), with interest.

| CLASS 2 CREDITOR'S NAME/COLLATERAL DESCRIPTION | CLAIM AMOUNT | MARKET VALUE of COLLATERAL | INTEREST RATE |
|---|---|---|---|
| 1. Sacramento Credit Union / 1998 Toyota Camry LE Sedan 4D,73k miles, goo | 8,000.00 | 6,585.00 | 6.00% |
| 2. Sacramento Credit Union / 1998 cadillac deville; good condition, 64k miles | 10,745.00 | 10,745.00 | 6.00% |

*In the column "Claim Amount" include the unmatured principal, the accrued but unpaid principal and interest through the date of bankruptcy, as well as other accrued and unpaid charges such as attorneys' fees and foreclosure costs. If the market value of the creditor's collateral is less than the amount of the claim amount, the market value will be paid provided a Motion to Value Collateral (see Attachment M-3) is granted. Any deficiency will be treated as a Class 7 general unsecured claim unless it is classified as a Class 5 priority claim. If such a motion is not granted, the secured claim will be paid as demanded in the proof of claim. In the column "Interest Rate" specify the rate at which the claim will accrue interest. If no interest rate is specified, 10% per annum will be imputed.*

**Class 3. Secured claims satisfied by the surrender of collateral.** As to personal property secured claims, Debtor shall tender the collateral to the creditor not later than 5 days after confirmation of this plan. As to real property secured claims, the creditor may conduct a foreclosure of the real property. Upon sale, Debtor shall give up possession. Entry of the confirmation order shall constitute an order modifying the automatic stay of 11 U.S.C. § 362 to allow the holder of a Class 3 secured claim to receive, take possession of, foreclose upon, and to exercise its rights and judicial and nonjudicial remedies against its collateral.

| CLASS 3 CREDITOR'S NAME/COLLATERAL DESCRIPTION | ESTIMATED DEFICIENCY | IS DEFICIENCY A PRIORITY CLAIM? Y/N |
|---|---|---|
| 1. None | | |

**Class 4. Secured claims paid directly by Debtor or third party.** This class includes secured claims with due dates extending beyond the length of the plan that were not in default when the bankruptcy was filed and are not modified by this plan. Holders of Class 4 claims shall retain their liens. Monthly contract installments shall be made by Debtor or a third party as they fall due whether or not this plan has been confirmed.

| CLASS 4 CREDITOR'S NAME | REGULAR PAYMENT | MATURITY DATE |
|---|---|---|
| 1. Citi Mortgage | 1,357.00 | 2025 |
| 2. Sacramento Credit Union | 165.00 | 2025 |

### C. Unsecured Claims

**Class 5. Priority unsecured claims** pursuant to 11 U.S.C. § 507 shall be paid in full. Include in the "Claim Amount" column the under-collateralized portion of any secured claim if it is entitled to priority treatment.

| CLASS 5 CREDITOR'S NAME | TYPE OF PRIORITY | CLAIM AMOUNT |
|---|---|---|
| 1. None | | |

**Class 6. Special unsecured claims.** This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| CLASS 6 CREDITOR'S NAME | REASON FOR SPECIAL TREATMENT | CLAIM AMOUNT |
|---|---|---|
| 1. None | | |

**Class 7. Holders of general unsecured claims** not entitled to priority or "special treatment" in Class 6, and not secured by a lien on property belonging to Debtor, will receive no less than a 5 % dividend pursuant to this plan. Debtor estimates that general unsecured claims, including the under-collateralized portion of secured claims not entitled to priority, total $ **48,300.64**.

### D. Executory Contracts And Unexpired Leases

Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the executory contract or unexpired lease, before and after confirmation, all post-petition payments. Any pre-petition arrears shall be paid in full either as a Class 1 or a Class 6 claim, or be paid a specific monthly payment as stated in the Additional Provisions below. Any executory contract or unexpired lease not listed in the table below is rejected. Entry of the confirmation order modifies the automatic stay of 11 U.S.C. § 362 to allow the nondebtor party to a rejected unexpired lease to obtain possession of leased property.

| NAME OF OTHER PARTY TO EXECUTORY CONTRACT OR UNEXPIRED LEASE | PRE-PETITION ARREARS | REGULAR PAYMENT | WILL ARREARS BE PAID AS A CLASS 1 OR 6 CLAIM, OR AS STATED IN THE ADDITIONAL PROVISIONS |
|---|---|---|---|
| 1. None | | | |

### E. Order of Distribution Between and Among Classes

After confirmation of this plan, funds available for distribution will be paid by Trustee in the following order: **(1)** Trustee's administrative fees; then **(2)** monthly contract installments due on Class 1 claims; then **(3)** approved administrative expenses; then **(4)** the monthly payments set out in the Additional Provisions to be paid on account of arrears on assumed executory contracts and unexpired leases and any other claims specified in the Additional Provisions; then **(5)** Class 1 pre-petition arrearage claims and Class 2 claims; then **(6)** Class 5 priority unsecured claims; then **(7)** Class 6 special unsecured claims and Class 7 general unsecured claims. Within each distribution level except the second level [see III(E)(1) & (2) below], allowed claims shall be paid on a pro rata basis. Unless a claim objection is sustained, or a motion to value collateral or a lien avoidance motion is granted, distributions on account of Class 1, 2, 5, 6, and 7 pre-petition claims and arrears on executory contracts and unexpired leases will be based upon the amount stated in each claim holder's proof of claim rather than the amount estimated by Debtor in this plan.

## III. Miscellaneous Provisions

**A. Vesting of Property.** Any property of the estate scheduled under 11 U.S.C. § 521 shall [*choose one*] ☒ revest in Debtor on confirmation or ☐ not revest in Debtor until such time as a discharge is granted. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**B. General Order.** General Order 03-03 is applicable to all Chapter 13 cases filed or converted to Chapter 13 on or after July 1, 2003. That order mandates the use of this plan and contains mandatory provisions regarding the administration of Chapter 13 cases. Copies of this General Order and the forms required by it may be obtained from the Court's Internet site, www.caeb.uscourts.gov or at the Court's public counters.

**C. Debtor's Duties.** In addition to the duties and obligations imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and the General Order, this plan imposes the following additional requirements on Debtor: **(1) Transfers of Property and New Debt.** Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal or real property with a value of $1,000 or more other than in the regular course of Debtor's financial or business affairs without first obtaining

court authorization. Except as provided in 11 U.S.C. §§ 364 and 1304, Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization. If Trustee approves a proposed transfer or new debt, court approval may be obtainable without a hearing. To determine the appropriate procedure, Debtor should consult the General Order. A new consumer debt of $1,000 or less shall not be paid through this plan absent compliance with 11 U.S.C. § 1305(c). **(2) Insurance.** Debtor shall maintain insurance as required by any law or contract. **(3) Support Payments.** Debtor shall maintain ongoing child or spousal support payments directly to the court-ordered recipient. **(4) Compliance with Applicable Non-Bankruptcy Law.** Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes. **(5) Periodic Reports.** Upon Trustee's request, Debtor shall provide Trustee with a copy of any tax return, W-2 form, and 1099 form filed or received while the case is pending, and furnish Trustee with quarterly financial information regarding Debtor's business.

**D. Remedies on Default.** If Debtor defaults in the performance of this plan, or if the plan will not be completed within six months of its stated term, not to exceed 60 months, Trustee or any other party in interest may request, appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1. This relief may consist of, without limitation, the following: **(1) Dismissal** of the case. When Trustee requests dismissal, in addition to setting a motion for hearing pursuant to Local Bankruptcy Rule 9014-1, Trustee may seek dismissal pursuant to Paragraph 7 of the General Order. **(2) Conversion** of the case to chapter 7 of the Bankruptcy Code. **(3) Relief from the automatic stay** to pursue rights against collateral. If the Court, in lieu of terminating or modifying the automatic stay, orders Debtor to make adequate protection payments, those payments, absent an order to the contrary, shall be made to Trustee who shall thereafter distribute them pursuant to the terms of this plan. If the Court terminates the automatic stay to permit a creditor holding a Class 1 or 2 secured claim to proceed against its collateral, unless the Court orders otherwise, Trustee shall make no further plan payments on account of such secured claim. Any portion of the secured claim not previously satisfied under this plan shall be satisfied as a Class 3 claim. Unless the court orders otherwise, any deficiency remaining after the disposition of the collateral shall be satisfied as a Class 7 unsecured claim provided a timely proof of claim or amended proof of claim is filed and served on Debtor and Trustee.

**E. Monthly Contract Installments Paid by Trustee on Class 1 Claims. (1)** If Debtor makes a partial plan payment which is insufficient to pay all monthly contract installments due on Class 1 claims, these installments will be paid in the order Debtor has listed Class 1 claims in the plan. **(2)** Trustee will not make a partial payment on account of a monthly contract installment. **(3)** If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to pay timely a monthly contract installment due on a Class 1 claim, Debtor shall pay to Trustee with the next plan payment an additional amount sufficient to pay any late charge. Additional amounts for late charges shall be given to Trustee with a writing specifying the amount of each late charge and the Class 1 claim entitled to receive it. **(4)** Upon receipt from any Class 1 creditor, Debtor shall mail or deliver to the Trustee all notices including, without limitation, statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of interest rate on variable interest rate loans. The automatic stay is modified to permit the sending of such notices to Debtor and Trustee. Prior to mailing or delivering any such notice to Trustee, Debtor shall affix the chapter 13 case number to it. If any such notice advises Debtor that the amount of the contract installment payment has increased or decreased, Debtor shall increase or decrease, as necessary, the plan payment made to Trustee.

## IV. Additional Provisions

Other than expanding tables for listing claims and changing the caption to indicate the plan is an amended or modified plan, the preprinted language of this plan or its attachments shall not be altered. If you wish to change or supplement the preprinted language, insert these provisions in the space below or on an additional page.

**$3,600 over the first nine months**
**$180 x 51 starting February 2006**

Attorney's Name, Address, Phone and Fax Numbers, Email Address:
**Law Office Of Peter G. Macaluso**
**910 Florin Road #111**
**Sacramento, CA 95831**
**(916) 392-6591**
**(916) 392-6590**

Dated: **February 13, 2006**

Peter G. Macaluso Attorney for Debtor